Robert F. McCauley (SBN 162056)
  robert.mccauley@finnegan.com
Arpita Bhattacharyya (SBN 316454)
  arpita.bhattacharyya@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:  (650) 849-6600
Facsimile:  (650) 849-6666

*Attorneys for Plaintiff*
*FOX FACTORY, INC.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| FOX FACTORY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SRAM, LLC, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

1. Plaintiff FOX Factory, Inc. ("FOX Factory" or "Plaintiff") files this Complaint for Patent Infringement against Defendant SRAM, LLC ("SRAM") and alleges as follows:

## NATURE OF ACTION

2. This Complaint seeks judgment that SRAM has infringed and continues to infringe FOX Factory's U.S. Patent No. 9,739,331 ("the '331 patent"). The '331 patent is titled "Method and Apparatus for an Adjustable Damper." A true and accurate copy of the '331 patent is attached hereto as Exhibit A.

## PARTIES

3. Plaintiff FOX Factory is a corporation organized and existing under the laws of California, and has its principle place of business at 915 Disc Drive, Scotts Valley, California 95066.

4. On information and belief, Defendant SRAM is a limited liability company organized and existing under the laws of Delaware and has its principal place of business at 1000 West Fulton, Chicago, Illinois 60607.  On its website, SRAM refers to its offices in Chicago as its "global headquarters" (https://www.sram.com/en/company/about/locations).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, et seq.

6. This Court has personal jurisdiction over SRAM due at least to its regular and established place of business in the State of California and in this judicial district, and its sales of the accused RockShox Lyrik Ultimate, Pike Ultimate, and ZEB Ultimate products in California and this judicial district, as set forth below.  Venue is proper over SRAM for the same reasons.

7. On information and belief, SRAM does business under the name RockShox®, a trademark registered to SRAM, and sells under that brand the accused RockShox Lyrik Ultimate, Pike Ultimate, and ZEB Ultimate products.

8. On information and belief, SRAM employees ("SRAMmies") engage in product development, testing, and marketing in SRAM's regular and established place of business at 4720 Allene Way, San Luis Obispo, California 93401, in this District. SRAM's "Locations" webpage describes SRAM's facility and activities in San Luis Obispo as follows: "SAN LUIS OBISPO, CA Chainrings, bottom brackets, cranks, and front derailleurs are all developed, prototyped, and lab tested in our SLO facility. These products are then field tested on the area's world-class roads and trails. This facility also hosts marketing, advanced development, and HR team members to round out this tightly-knit group of SRAMmies." *See* https://www.sram.com/en/company/about/locations.

9. On information and belief, directly and/or indirectly through customers, dealers, intermediaries, and agents, SRAM offers for sale, sells, and distributes the accused RockShox Lyrik Ultimate, Pike Ultimate, and ZEB Ultimate products in California and in this judicial district.

10. On information and belief, SRAM has also authorized approximately fifty dealers of SRAM products in and near San Luis Obispo, California, as stated on is website. *See* https://www.sram.com/en/dealer-locator. Via its website, SRAM encourages visitors to "Find a Dealer" to purchase SRAM products (including the accused RockShox Lyrik Ultimate, Pike Ultimate, and ZEB Ultimate products), and for service of said products in California and in this judicial district. *See* https://www.sram.com/en/service ("We encourage you to visit your local bike shop - especially an authorized SRAM dealer - for expert advice, installation and service for SRAM products.").

11. On information and belief, one or more SRAM subsidiaries or affiliates manufactures the accused RockShox Lyrik Ultimate, Pike Ultimate, and ZEB

1  Ultimate products and sells them to customers, including original equipment
2  manufacturers (OEMs) and agents of OEMs, knowing and intending that the
3  customers will sell some of the accused products to customers in the United States,
4  California, and this judicial district.  On information and belief, one or more of said
5  SRAM subsidiaries has also shipped the accused RockShox Lyrik Ultimate, Pike
6  Ulimate, and/or ZEB Ultimate products to customers in the United States.

## FACTUAL BACKGROUND

8  12.  For over thirty years, FOX Factory has been an industry leader in the
9  design and development of high-performance shock absorbers and racing suspension
10  products for mountain bikes, motorcycles, ATVs, UTVs, and off-road cars, trucks,
11  and SUVs.  FOX has earned a worldwide reputation for, among other things, high
12  performance bicycle suspension forks.

13  13.  FOX Factory's '331 patent issued on August 22, 2017.  FOX Factory is
14  the owner by assignment of all right, title, and interest in and to the '331 patent and
15  has the full and exclusive right to bring suit and enforce the '331 patent and to collect
16  damages for infringement.

17  14.  Changes in elevation or temperature can increase air pressure in the lower
18  fork leg of a telescoping suspension fork, which can increase axial friction and
19  degrade performance.  The '331 patent discloses and claims, among other features of
20  the claimed invention, an air bleed assembly disposed on the lower fork tube.  Some
21  of the benefits of the claimed invention include the ability to equalize atmospheric
22  pressure in said lower fork tube and thereby improve fork performance by, among
23  other things, allowing better responsiveness through the full travel, which increases
24  small bump sensitivity and responsiveness and improves the riding experience.

25  15.  FOX Factory forks that include a bleeder valve assembly on the lower
26  fork tube and practice the '331 patented invention have enjoyed commercial success.
27  They have also been praised by the industry, which has particularly praised bleeder
28

3  COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. _____

valve on the lower fork tube.  SRAM has also copied FOX's patented invention in the Accused Products.

16. On information and belief, SRAM has been selling bike forks having telescopically engaged upper and lower leg tubes for nearly two decades.  Yet SRAM did not offer for sale any bike forks that include an air bleed assembly on a lower fork tube until after both FOX Factory's commercial success with its forks that practice the '331 patent and after the issuance of the '331 patent.

17. On information and belief, SRAM's first bicycle fork product that included a bleeder valve assembly on the lower fork tube was the RockShox ZEB Ultimate Flight Attendant fork, which SRAM launched on or about October 5, 2021, more than four years after the '331 patent issued.  On information and belief, SRAM did not offer any additional forks with these infringing features until the following year, when SRAM launched the RockShox Lyrik Ultimate and Pike Ultimate on or about May 26, 2022.  SRAM touts its new infringing bleeder valve assemblies in SRAM's advertising and marketing materials for these forks.

18. SRAM's RockShox ZEB Ultimate Flight Attendant, Lyrik Ultimate and Pike Ultimate, and all other SRAM fork products having the same or reasonably similar bleeder valve assembly on the lower fork tube, are referred to as Accused Products herein.

19. On information and belief, at least some employees at SRAM involved in the design, development, and sales of the Accused Products were aware of FOX's '331 patent, and that the Accused Products infringed the '331 patent, during SRAM's development of those products and before SRAM offered them for sale in the United States.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT 9,739,331

20. FOX Factory realleges and incorporates by reference all of the preceding paragraphs as if fully set forth in this paragraph.

21.     On information and belief, the Accused Products include a lower fork and an air bleed assembly combination and comprise the claimed elements of at least claim 1 of the '331 patent.  On information and belief, SRAM's RockShox Lyrik Ultimate fork is representative of the Accused Products with regard to the features that infringe the '331 patent described herein, so that FOX's allegations and infringement mappings regarding the features of the RockShox Lyrik Ultimate fork are equally applicable to the Accused Products.



22.     SRAM's RockShox Lyrik Ultimate fork includes a lower fork and an air bleed assembly combination, wherein a lower fork tube is configured to have a first end coupled to a vehicle wheel, as illustrated in the exemplary photo of SRAM's RockShox Lyrik Ultimate fork mounted on a bicycle and coupled to a vehicle wheel, and a second end configured to be telescopically engaged with a first end of an upper fork tube, as illustrated in the exemplary photo of the RockShox Lyrik Ultimate fork.

23.  Said lower fork tube of SRAM's RockShox Lyrik Ultimate fork further includes a lower leg seal located at an outermost edge of said second end of said lower fork tube, said lower leg seal configured for sealing closing a gap disposed between said upper fork tube and said lower fork tube when said lower fork tube is telescopically engaged with said first end of said upper fork tube thereby preventing an oil bath lubrication occupying an area within said lower fork tube at a first end of said lower fork tube from leaking from said lower fork tube, as illustrated in the exemplary photo of the RockShox Lyrik Ultimate fork.

24.  SRAM's RockShox Lyrik Ultimate includes an upper bushing attached to and positioned adjacent to said lower leg seal as illustrated in the exemplary photograph of SRAM's RockShox Lyrik Ultimate below.



Upper bushing (inside accused product)

25. SRAM's RockShox Lyrik Ultimate includes an air bleed assembly disposed on said lower leg fork tube, said air bleed assembly configured for equalizing ambient pressure within said lower fork tube, as illustrated in the exemplary photographs of SRAM's RockShox Lyrik Ultimate.

 

26. Said air bleed assembly of SRAM's RockShox Lyrik Ultimate includes a fluid passage disposed between an interior of said lower fork tube and an exterior of said lower fork tube, as illustrated in the above exemplary photo of the Rock Shox Lyrik Ultimate fork.

27. SRAM's RockShox Lyrik Ultimate includes a manually operable valve having a first position substantially closing said fluid passage, as illustrated in the exemplary photo of the Rock Shox Lyrik Ultimate fork.





28. Said manually operable valve of SRAM's RockShox Lyrik Ultimate has a second position allowing a fluid to flow between said interior and said exterior, as illustrated in the exemplary photo of the Rock Shox Lyrik Ultimate fork.



29. Said manually operable valve of SRAM's RockShox Lyrik Ultimate is disposed between said lower leg seal and said first end of said lower fork, and wherein said fluid passage and said manually operable valve are located at a distance from an oil bath lubrication within said lower fork, such that when said manually operable valve is in said second position, most, if not all of said oil bath lubrication remains within said lower fork and such that when trapped air pressure inside said lower fork, that is higher than a local ambient air pressure outside of said suspension fork or shock absorber, is relieved most, of said oil bath lubrication that is within said lower fork remains within said lower fork.

30. On information and belief, SRAM has directly infringed one or more claims of the '331 patent under 35 U.S.C. § 271(a) by, among other things, offering

for sale, selling, importing and/or distributing the Accused Products in and into the United States.

31.   On information and belief, SRAM has induced and continues to actively induce direct infringement of at least claim 1 of the '331 patent by others (such as its distributors, retailers, resellers, customers, and end-users) in the United States under 35 U.S.C. § 271(b). On information and belier, SRAM knew of the '331 patent before offering the Accused Products for sale, and SRAM has taken affirmative steps that have encouraged, aided and abetted (and continues to encourage, aid and abet) direct infringement by its distributors, retailers, resellers, customers, and end-users in the United States, and SRAM has known that its induced acts constitute infringement of the '331 patent or has been willfully blind to the infringement. These acts include, but are not limited to, SRAM's manufacture and supply of the Accused Products (either directly or through direction of its wholly owned subsidiary(ies)), promotion on its website, providing user manuals/guides and instructions instructing its customers/end users how to use the Accused Products, and on information and belief, its contracts and agreements with dealers, resellers, retailers, and distributors for the promotions, offers to sell, and sales of the Accused Products in the United States.

32.   On information and belief, SRAM has contributed to and continues to contribute to the direct infringement of at least claim 1 of the '331 patent by others (such as its distributors, retailers, resellers, customers, and end-users) in the United States under 35 U.S.C. § 271(c). Upon information and belief, SRAM (either directly or through direction of its wholly owned subsidiary(ies)) supplies the Accused Products or important (material) components of the Accused Products to its distributors, retailers, resellers, customers, and end-users in the United States. Upon information and belief, SRAM knew or was willfully blind that its Accused Products were both patented and infringing, that the Accused Products are not a staple article or commodity of commerce, and that the Accused Products have substantial non-infringing uses.

33. On information and belief, SRAM has infringed the '331 patent in an egregious and willful manner and with knowledge of the '331 patent, or was willfully blind to the risk of infringement.

34. SRAM's infringement of the '331 patent has caused and continues to cause damages and irreparable harm to FOX Factory.

## **PRAYER FOR RELIEF**

WHEREFORE, FOX Factory respectfully prays that the Court enter judgment in its favor and award the following relief against SRAM:

A. Enter a judgment in favor of FOX Factory that SRAM and its wholly owned and/or controlled subsidiaries have infringed directly, contributorily, and by inducement at least claim 1 of the '331 patent, as well as additional claims of the '331 patent to be identified and asserted during the pendency of this action;

B. Preliminarily and permanently enjoin SRAM, its wholly owned and/or controlled subsidiaries, and their officers, directors, employees, agents, licensees, representatives, affiliates, subsidiary companies, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from further infringing the '331 patent;

C. Order that SRAM and its wholly owned and/or controlled subsidiaries deliver up for destruction all infringing products in its possession;

D. Award FOX Factory actual damages adequate to compensate for infringement by SRAM and its wholly owned and/or controlled subsidiaries, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial, as a result of infringement of the '331 patent by those entities;

E. Award FOX Factory pre- and post-judgment interest on all damages awarded, as well as supplemental damages;

F.   Find this to be an exceptional case and award FOX Factory its costs and attorney's fees under 35 U.S.C. § 285;

G.   Find that the infringement by SRAM has been and continues to be egregious and willful misconduct, and award FOX Factory enhanced damages for willful patent infringement under 35 U.S.C. § 284; and

H.   Award and grant FOX Factory such other and further relief as the Court deems just and proper under the circumstances.

### **DEMAND TRIAL BY JURY**

FOX Factory demands a jury trial on all matters triable to a jury.

Dated: July 13, 2022

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP

By:   */s/ Arpita Bhattacharyya*
Arpita Bhattacharyya
*Attorneys for Plaintiff*
FOX FACTORY, INC.