Steven M. Hanle (SBN 168876)
  shanle@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Telephone: (949) 725-4000

Richard B. Walsh, Jr. (admitted *pro hac vice*)
  rwalsh@lewisrice.com
Michael J. Hickey (admitted *pro hac vice*)
  mhicley@lewisrice.com
Edward T. Pivin (admitted *pro hac vice*)
  epivin@lewisrice.com
Sarah A. Milunski (admitted *pro hac vice*)
  smilunski@lewisrice.com
LEWIS RICE LLC
600 Washington Ave., Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7600

*Attorneys for Defendant*
SRAM, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| FOX FACTORY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SRAM, LLC, <br><br> Defendant. | CASE NO. 2:22-cv-04805-DOC-JC <br><br> Honorable David O. Carter <br> Magistrate Judge Jacqueline Chooljian <br><br> **SRAM, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO FOX FACTORY, INC.'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Complaint Filed: July 13, 2022 <br> First Amended Complaint <br>                Filed: Nov. 30, 2022 |

COMES NOW Defendant SRAM, LLC ("SRAM") and, for its answer to Plaintiff Fox Factory, Inc.'s ("Fox") First Amended Complaint for Patent Infringement filed November 30, 2022 ("Amended Complaint"), states as follows:

1. SRAM admits that Fox has filed an Amended Complaint for patent infringement against SRAM and set forth allegations in said Amended Complaint, but denies that Fox's allegations have any merit and further denies that Fox is entitled to any relief.

## NATURE OF THE ACTION

2. SRAM admits that Fox seeks judgment of patent infringement with respect to the patents identified in the first sentence of Paragraph 2 of the Amended Complaint, but denies that Fox is entitled to any relief. SRAM admits that the cover page of U.S. Patent No. 9,739,331 ("the '331 patent") lists Fox Factory, Inc. as the assignee and states that its title is "METHOD AND APPARATUS FOR AN ADJUSTABLE DAMPER". SRAM admits that what purports to be a copy of the '331 patent is attached Exhibit A to the Amended Complaint. SRAM further states that the '331 patent speaks for itself. SRAM admits that the cover page of U.S. Patent No. 8,550,223 ("the '223 patent") lists Fox Factory, Inc. as the assignee and states that its title is "METHOD AND APPARATUS FOR POSITION SENSITIVE SUSPENSION DAMPENING". SRAM admits that what purports to be a copy of the '223 patent is attached Exhibit B to the Amended Complaint. SRAM further states that the '223 patent speaks for itself. Except as herein admitted, SRAM denies each and every other allegation of Paragraph 2 of the Amended Complaint.

## PARTIES

3. SRAM admits that Fox is a corporation organized and existing under California law. SRAM denies the remaining allegations of Paragraph 3 of the Amended Complaint, including that the principal place of business of Fox is the address listed in Scots Valley, California, when Fox itself has publicly stated that its headquarters are located in Georgia.

4. SRAM admits the allegations of Paragraph 4 of the Amended Complaint.

## JURISDICTION AND VENUE

5. SRAM admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) over actions arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* SRAM further admits that Fox alleges that its Amended Complaint is brought under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, but SRAM denies that Fox has any meritorious claim under the foregoing patent laws. SRAM denies the remaining allegations in Paragraph 5 of the Amended Complaint.

6. Responding to the first sentence of Paragraph 6 of the Amended Complaint, jurisdiction is an issue of law for which no response is required. SRAM further denies that it has committed any act of patent infringement in California or any other judicial district, including this judicial district. SRAM admits that it has a place of business in this judicial district, but denies that said place of business has any relationship to Fox's claims of patent infringement. SRAM admits that its RockShox Lyrik, Pike, and ZEB forks (including the Select, Select+, Ultimate, and Ultimate Flight Attendant models of the same) and its Super Deluxe Coil rear shocks (including the Select, Select+, Ultimate, and Ultimate DH models of the same) are offered for sale in California and this judicial district. To the extent that the allegations of the second sentence of Paragraph 6 of the Amended Complaint set forth legal conclusions, no response is required. SRAM denies the remaining allegations in Paragraph 6 of the Amended Complaint.

7. SRAM admits the allegations of Paragraph 7 of the Amended Complaint, but denies that it has committed any act of patent infringement with respect to the products identified in Paragraph 7 of the Amended Complaint.

8. Responding to the first sentence of Paragraph 8 of the Amended Complaint, SRAM admits that it maintains a facility at 4720 Allene Way, San Luis

Obispo, California 93401, for limited design and development of products not related to the products at issue. SRAM further admits that, at this facility, SRAM develops and tests components for SRAM's chainring and drive train products, including chainrings, bottom brackets, cranks, and front derailleurs but further denies that SRAM develops or tests any of the accused RockShox Lyrik, Pike, ZEB, and Super Deluxe Coil products at this facility. SRAM further admits that, at this facility, SRAM hosts marketing and advanced development employees, who work substantially on the development, prototyping, and lab testing of SRAM's chainring and drive train products, not related to the products at issue, but further denies that such marketing and advanced development employees develop, test, or market any of the accused RockShox Lyrik, Pike, ZEB, and Super Deluxe Coil products at this facility. SRAM further admits that, at this facility, SRAM hosts human resource employees who work on human resource-related matters, not related to the products at issue. Responding to the second sentence of Paragraph 8 of the Amended Complaint, SRAM admits that the quoted statement appears on SRAM's Locations webpage at https:/www.sram.com/en/company/about/locations. SRAM denies the remaining allegations in Paragraph 8 of the Amended Complaint.

9. SRAM admits that its Lyrik, Pike, ZEB, and Super Deluxe Coil products are offered for sale in California and this judicial district through independent bicycle retailers either as individual forks or rear shocks or as part of complete bicycles. SRAM denies the remaining allegations in Paragraph 9 of the Amended Complaint.

10. Responding to the first sentence of Paragraph 10 of the Amended Complaint, SRAM denies the allegations contained therein. SRAM further states that its website identifies dealers of SRAM products at https://www.sram.com/en/dealer-locator. Responding to the second sentence of Paragraph 10 of the Amended Complaint, SRAM denies the allegations contained therein. SRAM further states that the quoted statement appears on SRAM's Service

webpage at https:/www.sram.com/en/service. SRAM denies the remaining allegations in Paragraph 10 of the Amended Complaint.

11. SRAM admits that it manufactures the Lyrik, Pike, ZEB, and Super Deluxe Coil products and sells said products to original equipment manufacturers. SRAM further admits that it reasonably anticipates that some of said products will be sold to independent bicycle retailers and end users in the United States, including California and this District. SRAM further admits that it has shipped the Lyrik, Pike, ZEB, and Super Deluxe Coil products to customers in the United States. SRAM denies the remaining allegations in Paragraph 11 of the Amended Complaint.

## FACTUAL BACKGROUND

12. SRAM denies that Fox is a leader in the design and development of high-performance shock absorbers and racing suspension products. SRAM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 of the Amended Complaint, and therefore denies the same.

13. SRAM admits that the cover page of the '331 patent states that its issuance date was August 22, 2017, and that Fox is listed as the assignee. SRAM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Amended Complaint, and therefore denies the same.

14. Responding to the first sentence of Paragraph 14 of the Amended Complaint, SRAM admits that increasing the internal temperature can increase air pressure in the lower fork leg of a telescoping suspension fork. With respect to the remaining allegations of Paragraph 14 of the Amended Complaint, SRAM states that the '331 patent speaks for itself. Except as herein admitted, SRAM denies each and every other allegation of Paragraph 14 of the Amended Complaint.

15. With respect to the first two sentences of Paragraph 15 of the Amended Complaint, SRAM lacks knowledge or information sufficient to form a belief as to

the truth of said allegations of Paragraph 15 of the Amended Complaint, and therefore denies the same, and specifically denies that bleeder valves led to any commercial success on the complete fork. With respect to the third sentence of Paragraph 15 of the Amended Complaint, SRAM denies the same.

16. SRAM admits the first sentence of Paragraph 16 of the Amended Complaint. SRAM denies the remaining allegations of Paragraph 16 of the Amended Complaint.

17. SRAM admits that Fox accuses the Lyrik, Pike, and ZEB forks (including the Select, Select+, Ultimate, and Ultimate Flight Attendant models of the same) of patent infringement and refers in the Amended Complaint to those forks as "Accused Forks," but denies that Fox's allegations have any merit and further denies that Fox is entitled to any relief. SRAM further admits that Fox accuses "all other SRAM fork products having the same or reasonably similar air bleed assembly on the lower fork tube" of patent infringement and refers in the Amended Complaint to those unidentified forks as "Accused Forks," but denies that Fox's allegations have any merit and further denies that Fox is entitled to any relief. SRAM denies the remaining allegations of Paragraph 17 of the Amended Complaint.

18. SRAM admits that it sells upgrade kits for use with certain Lyrik, Pike, and ZEB forks, as shown on its website at https://www.sram.com/en/rockshox/models/fs-upk-prv-a1. SRAM denies the remaining allegations of Paragraph 18 of the Amended Complaint.

19. SRAM admits that it was aware of the '331 patent during SRAM's development of the RockShox Lyrik, Pike, and ZEB forks and prior to their sale in the United States. SRAM denies the remaining allegations of Paragraph 19 of the Amended Complaint.

20. SRAM admits that the cover page of the '223 patent states that its issuance date was October 8, 2013, and that Fox is listed as the assignee. SRAM lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of Paragraph 20 of the Amended Complaint, and therefore denies the same.

21.   SRAM admits that vehicle suspension systems can make use of a shock absorber with a spring and a damping mechanism and can include a piston.  SRAM states that the '223 patent speaks for itself.  SRAM denies the remaining allegations of Paragraph 21 of the Amended Complaint.

22.   SRAM admits that Fox accuses the Super Deluxe Coil rear shocks (including the Select, Select+, Ultimate, and Ultimate DH models of the same) of patent infringement and refers in the Amended Complaint to those rear shocks as "Accused Shocks," but denies that Fox's allegations have any merit and further denies that Fox is entitled to any relief.  SRAM further admits that Fox accuses "all other SRAM rear shock products having the same or reasonably similar adjustable hydraulic bottom out mechanism" of patent infringement and refers in the Amended Complaint to those unidentified rear shocks as "Accused Shocks," but denies that Fox's allegations have any merit and further denies that Fox is entitled to any relief. SRAM denies the remaining allegations of Paragraph 22 of the Amended Complaint.

**COUNT ONE**

**ALLEGED INFRINGEMENT OF U.S. PATENT 9,739,331**

23.   SRAM re-alleges and reincorporates its answers to Paragraphs 1-22 of the Amended Complaint as if fully set forth herein.

24.   Denied.

25.   Denied.

26.   Denied.

27.   Denied.

28.   Denied.

29.   Denied.

30.   Denied.

31.   Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. SRAM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 of the Amended Complaint, and therefore denies the same.

## COUNT ONE

## ALLEGED INFRINGEMENT OF U.S. PATENT 9,739,331

41. SRAM re-alleges and reincorporates its answers to Paragraphs 1-40 of the Amended Complaint as if fully set forth herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## PRAYER FOR RELIEF

52. As to the allegations in the Prayer for Relief section of the Amended Complaint, SRAM denies that Fox is entitled to any of the requested relief including

any monetary damages or injunctive relief, and denies any and all allegations set forth in Paragraphs A through I of the Prayer for Relief. SRAM specifically denies any infringement of the '331 and '223 patents, including any allegations that its actions constitute willful infringement of the '331 and '223 patents.

### AFFIRMATIVE DEFENSES TO ALL COUNTS

SRAM asserts the following affirmative and other defenses, without assuming the burden of proof when such burden would otherwise be on Fox. SRAM reserves the right to modify and/or expand these defenses and to take further positions and raise additional defenses as discovery proceeds in this case.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against SRAM upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Upon information and belief, the claims Fox asserts against SRAM are barred by the principles and doctrines of waiver, estoppel, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

SRAM does not infringe and has not infringed any of the claims of the '331 and '223 patents under any theory of infringement, including any allegation that SRAM's infringement is willful because SRAM has not and does not infringe the '331 and '223 patents and because SRAM lacks any intent to infringe or cause infringement.

### FOURTH AFFIRMATIVE DEFENSE

By reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications that matured into the '331 and '223 patents and, in particular, the applicant's and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, Fox is precluded and estopped from asserting that SRAM has infringed upon any claim of the '331 and '223 patents.

### FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Fox is wholly or partially barred from the relief that it seeks because the asserted claims of the '331 and '223 patents are invalid for failure to comply with one or more of the conditions and requirements of patentability as set forth in the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 132, and the rules, regulations, and law pertaining thereto.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the relief sought by Fox is barred or limited in whole or in part by the failure to mark, Fox is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any alleged infringement by SRAM to the extent that Fox and/or its predecessors in interest did not comply with the notice requirements of 35 U.S.C. § 287.

### SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, Fox's recovery for alleged infringement of the '331 and '223 patents, if any, is limited by the applicable statute of limitations pursuant to 35 U.S.C. § 286.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Fox may be successful in proving its liability allegations, which SRAM expressly denies, and Fox is able to prove any damages, Fox has neglected, failed, and refused to mitigate damages, if any, and is thereby barred from recovery herein, or any such recovery must be reduced accordingly.

WHEREFORE, SRAM denies that Fox is entitled to any relief as prayed for in the Amended Complaint or otherwise and, accordingly, respectfully prays for entry of judgment dismissing Fox's Amended Complaint, with prejudice, and for such other and further relief as is just and proper under the circumstances including, but not limited to:

A.   Dismissing any and all counts of the Amended Complaint asserted

against SRAM, with prejudice;

B. Declaring and entering judgment that Fox is not entitled to any relief from SRAM sought by the Amended Complaint;

C. Declaring and entering judgment that SRAM has not infringed any of the asserted claims of the '331 and '223 patents;

D. Declaring and entering judgment that all asserted claims of the '331 and '223 patents are invalid;

E. Declaring this case exceptional pursuant to 35 U.S.C. § 285 in favor of SRAM;

F. Permanently enjoining Fox and its agents, servants, employees and attorneys, and any and all person in active concert or participation with any of them from asserting, stating, implying, or suggesting that SRAM and/or any of its respective officers, directors, agents, servants, employees, subsidiaries, or customers infringe any of the claims of the '331 and '223 patents; and

G. Awarding SRAM its costs and reasonable attorneys' fees incurred in connection with this action.

## DEMAND FOR JURY TRIAL

Defendant SRAM, LLC respectfully demands a trial by jury of all causes of action so triable.

DATED: December 14, 2022

STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation

By: /s/ Steven M. Hanle
Steven M. Hanle

LEWIS RICE LLC
Richard B. Walsh, Jr.
Michael J. Hickey
Edward T. Pivin
Sarah A. Milunski

**Attorneys for Defendant SRAM, LLC**