1  Steven M. Hanle (SBN 168876)
   shanle@stradlinglaw.com
2  STRADLING YOCCA CARLSON & RAUTH
   A Professional Corporation
3  660 Newport Center Drive, Suite 1600
   Newport Beach, CA 92660
4  Telephone: (949) 725-4000
   Facsimile: (949) 725-4100
5
   Richard B. Walsh, Jr. (*pro hac vice*)
6  Michael J. Hickey (*pro hac vice*)
   Edward T. Pivin (*pro hac vice*)
7  Sarah A. Milunski (*pro hac vice*)
   Lewis Rice LLC
8  600 Washington Ave., Ste. 2500
   St. Louis, MO 63101
9  Telephone: (314) 444-7600
   Facsimile: (314) 612-7822
10
   *Attorneys for Defendant*
11 *SRAM, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| FOX FACTORY, INC., | CASE NO. 2:22-cv-04805-DOC-JC |
| Plaintiff, | Judge: District Judge David O. Carter<br>Magistrate Judge Jacqueline Chooljian |
| v. | |
| SRAM, LLC, | **DEFENDANT SRAM, LLC'S *EX PARTE* APPLICATION AND SUPPORTING MEMORANDUM TO CONTINUE PRELIMINARY INJUNCTION HEARING** |
| Defendant. | |

DEFENDANT SRAM, LLC'S *EX PARTE* APPLICATION TO CONTINUE

## INTRODUCTION

Late Friday night, Plaintiff Fox Factory, Inc. ("Fox") filed a Motion for Preliminary Injunction on minimum notice and now has refused to stipulate to move the hearing for said Motion to a mutually convenient date despite knowing that Defendant SRAM, LLC's ("SRAM") counsel is scheduled to start a two-week trial in another federal patent case on the unilaterally noticed hearing date of February 13, 2023. Further, Fox's schedule would require SRAM to brief all of the highly substantive issues in this case—claim construction, non-infringement, invalidity and alleged irreparable harm—in only five business days (after Fox's expert took 233 pages of his declaration plus exhibits to describe his position last Friday).

Fox's position is especially surprising as Fox previously proposed and stipulated in the Parties' October 2022 Joint Rule 26 report to a claim construction schedule extending into June 2023. Indeed, in that same report, Fox made no mention of any anticipated motion for preliminary injunction and, thus, in making its Motion for Preliminary Injunction, Fox failed to follow Local Rule 26-1(b)'s requirement that the parties include in their Rule 26(f) report any motions which are likely to be made.

By the schedule unilaterally set by Fox on Friday, SRAM's opposition would be due this coming Monday, January 23 under L.R. 7-9. Fox's motion papers approach almost 500 pages – the motion and notice is 25 pages long, it has three declarations as part of the motion—one 233 pages in length including exhibits, one 10 pages in length, and one that references 8 attachments that are 205 pages in length. Such a lengthy motion would require significantly more time than five days for a response in any case. This motion was filed without any pre-filing notice to SRAM, whatsoever. Any claimed urgency to Fox's motion was caused by Fox's inexplicable delay in filing suit and bringing this ambush motion six months into the litigation without any notice.

There is undeniably good cause for the continuance of the hearing, Fox will

suffer no real prejudice from a brief delay, and as such, SRAM's *ex parte* application for a continuance of the hearing until either March 27 or April 3 should be granted.[1]

## ARGUMENT

**I.  SRAM's Counsel is Unavailable on the Hearing Date, Which Constitutes Good Cause for a Continuance.**

Under Fed. R. Civ. P. 6(b), the Court may extend the time for any act "for good cause." Good cause for a continuance exists when counsel is unavailable on the noticed date. *E.g.*, *Koi Design, LLC v. Mark's Work Wearhouse*, No. CV096757CBMFFMX, 2010 WL 11508546, at *8 (C.D. Cal. Mar. 26, 2010) (granting *ex parte* application to move hearing due to counsel's unavailability on hearing date); *Long v. Yates*, No. EDCV 08-01143 MMM SS, 2011 WL 5933543, at *18 (C.D. Cal. July 11, 2011), *report and recommendation adopted*, No. EDCV 08-01143 MMM SS, 2011 WL 5933517 (C.D. Cal. Nov. 29, 2011) ("The hearing was continued twice more for **good cause due to the unavailability of Petitioner's counsel.**") (emphasis added); *E.G. by his Garrett v. Elk Grove Unified Sch. Dist.*, No. 216CV02412TLNKJN, 2019 WL 3500506, at *8 (E.D. Cal. Aug. 1, 2019) ("Good cause may include the unavailability of a party, counsel, or an essential witness due to death, illness or other excusable circumstances.").

As Fox's counsel is aware, counsel for SRAM is scheduled to begin another federal patent trial on February 13, 2023, the date of the noticed hearing. (R. Walsh Dec. ¶¶ 3–4.) As such, SRAM's counsel is unavailable on the noticed hearing date and good cause exists to continue the current hearing date until either March 27 or April 3. Such a delay of only a few weeks would permit counsel to have adequate time to brief these important substantive issues (and attend a hearing on the same)

---

[1] The Court will recognize that SRAM currently has a Motion to Transfer this case to the District of Colorado or the Northern District of Illinois (ECF No. 16) filed on October 14, 2022 and set for hearing January 30. Setting the hearing date at the end of March or beginning of April for Fox's just-filed motion will also give the Court sufficient time to rule on the Motion to Transfer and avoid work on a motion that should be properly transferred.

DEFENDANT SRAM, LLC'S *EX PARTE* APPLICATION TO CONTINUE

following the conclusion of separate litigation, while causing only minimal delay of the Court's consideration of Fox's Motion.

## II. Fox Will Not Be Harmed by a Small Delay.

Fox's repeated delays in both bringing this lawsuit and filing the present Motion for a Preliminary Injunction demonstrably shows there would be no real harm in moving the hearing date to accommodate SRAM's counsel's previously scheduled federal trial.

First, as Fox's initial Complaint alleges, SRAM's first bicycle fork with a bleeder valve was launched "on or about October 5, 2021"—*over a year ago*. (ECF No. 1 ¶ 17.)  Despite the Accused Forks being commercially available since at least October 2021, Fox did not file its lawsuit until July 13, 2022—*eight months later*.  (*See id.*)  Fox then waited another *six months* to file its Motion for Preliminary Injunction, without any notice, even though all the information contained in Fox's Motion was known to Fox at the time it filed its initial Complaint or before.  (*See* ECF No. 40.)  In short, both before and after this litigation was initiated, Fox has repeatedly delayed seeking injunctive relief, or indicating as required under Local Rule 26(f) it may ask for a preliminary injunction, demonstrating that a short delay of the hearing would cause no harm.

## III. Fox Did Not Comply with Local Rule 26-1(b).

In the Parties' Joint Rule 26(f) Report submitted to this Court weeks ago, Fox did not indicate it would be seeking injunctive relief.  Just the opposite: Fox proposed and stipulated to a schedule that had claim construction that ran to a hearing date in June 2023.  Local Rule 26-1(b) requires the parties "discuss" and include in their Rule 26(f) report "[t]he dispositive or partially dispositive motions which are likely to be made."  In the Parties' Joint Rule 26(f) Report, Fox and SRAM reported their discussions on SRAM's Motion to Transfer, claim construction briefing, and summary judgment motion practice.  (ECF No. 17 at 3–4.)  Strikingly absent from that disclosure (or from any discussion with SRAM's counsel) was any indication

that Fox would or might file a Motion for Preliminary Injunction. Instead, Fox explicitly agreed to the opposite: a claim construction schedule that has only *just* begun and is not scheduled to be ready for a hearing for another ***five months***. (*Id.* at 5–6.) Fox now proposes instead to allow SRAM ***five business days***[2] to present its non-infringement and invalidity analysis, prepare expert affidavit(s) to support those positions, and draft a brief not only setting forth its claim construction, non-infringement and invalidity positions, but also addressing the other elements necessary to evaluate a request for a preliminary injunction without the benefit of any discovery to a motion that is almost 500 pages in combined length.

During attempts to convince Fox to change the hearing date to a time that would allow proper time for a responsive brief and not interfere with SRAM's counsel's previously scheduled trial and preparation, Fox's counsel agreed to extend the date of the hearing by three weeks until March 6, but still required briefing in the midst of SRAM's preparation for and conduct of trial, which is not enough time to prepare in light of the almost 500 pages of material in the motion. Attempting to condense down Fox's previously agreed to six-month claim construction schedule into a few days is not a proper litigation tactic. A hearing date of March 27 or April 3 would give SRAM adequate time to prepare a response after conclusion of its trial and not cause any real prejudice to Fox, as evidenced by Fox's waiting over a year from knowing of the claimed infringement to bring its current Motion.

**IV.   Compliance with Local Rule 7-19**

Counsel for Fox, together with counsel's address, telephone number and email addresses, are listed below:

Robert F. McCauley, III

---

[2] Fox filed their Motion at 8:00 p.m. PST/10:00 p.m. CST on Friday, January 13, 2023. Monday, January 16, 2023 was a federal holiday. With the noticed hearing date of February 13, SRAM's opposition brief would be due Monday January 23, 2023, leaving SRAM only five business days to prepare its substantive papers in opposition to Fox's preliminary injunction motion.

| | |
|---|---|
| 1 | Robert Fernandes |
| 2 | Arpita Bhattacharyya |
| 3 | Finnegan Henderson Farabow Garrett and Dunner LLP |
| 4 | Stanford Research Park |
| 5 | 3300 Hillview Avenue |
| 6 | Palo Alto, CA 94304-1203 |
| 7 | 650-849-6600 |
| 8 | Email: robert.mccauley@finnegan.com |
| 9 | robert.fernandes@finnegan.com |
| 10 | arpita.bhattacharyya@finnegan.com |

Attached hereto is a proposed *ex parte* order.  Pursuant to Local Rule 7-19.1, undersigned counsel for SRAM contacted counsel for Fox in an attempt to find a mutually agreeable hearing date so the parties could submit a stipulation for the same to the Court. (R. Walsh Dec. ¶ 6.)  Counsel for Fox indicated it was only willing to continue the current hearing date until March 6, despite SRAM's counsel's previously scheduled two-week trial that is scheduled to begin on the current hearing date. (R. Walsh Dec. ¶ 7.)  In light of Fox's position, counsel for SRAM notified counsel for Fox about the date and substance of the foregoing *ex parte* application and requested a further discussion by phone. (R. Walsh Dec. ¶ 7.)  Counsel for Fox has not agreed to a phone discussion as of this filing. (R. Walsh Dec. ¶ 7.)  Given the extremely short time SRAM has to draft and file any opposition to the extreme relief being sought by Fox (at a time when counsel is attempting to prepare for another trial), *ex parte* relief is justified.

## **CONCLUSION**

Gamesmanship tactics should not be tolerated.  SRAM's counsel is unavailable on the scheduled hearing date and good cause exists to continue that hearing until counsel's other federal patent trial has concluded, which will also permit adequate time to brief the highly substantive issues raised by Fox's motion.

| | | |
|---|---|---|
| 1 | DATED:  January 17, 2023 | STRADLING YOCCA CARLSON & RAUTH<br>A PROFESSIONAL CORPORATION |
| 2 | | |
| 3 | | By: _/s/ Steven M. Hanle_ |
| 4 | | Steven M. Hanle |
| 5 | | Attorneys for Defendant SRAM, LLC |

DATED:  January 17, 2023      STRADLING YOCCA CARLSON & RAUTH
                              A PROFESSIONAL CORPORATION

                              By:     _/s/ Steven M. Hanle_
                                      Steven M. Hanle

                              Attorneys for Defendant SRAM, LLC