Steven M. Hanle (SBN 168876)
shanle@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

Richard B. Walsh, Jr. (*pro hac vice*)
Michael J. Hickey (*pro hac vice*)
Edward T. Pivin (*pro hac vice*)
Sarah A. Milunski (*pro hac vice*)
Lewis Rice LLC
600 Washington Ave., Ste. 2500
St. Louis, MO 63101
Telephone: (314) 444-7600
Facsimile: (314) 612-7822

*Attorneys for Defendant*
*SRAM, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| FOX FACTORY, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>SRAM, LLC,<br><br>  Defendant. | CASE NO. 2:22-cv-04805-DOC-JC<br><br>Judge: District Judge David O. Carter<br>Magistrate Judge Jacqueline Chooljian<br><br>**DECLARATION OF RICHARD B. WALSH, JR. IN SUPPORT OF DEFENDANT SRAM, LLC'S *EX PARTE* APPLICATION TO CONTINUE PRELIMINARY INJUNCTION HEARING** |

DECLARATION OF RICHARD B. WALSH, JR.

I, Richard B. Walsh, Jr., declare as follows:

1. My name is Richard B. Walsh, Jr. I am over twenty-one years of age. I am a partner with the law firm of Lewis Rice LLC and counsel of record for Defendant SRAM, LLC ("SRAM") in the above-captioned matter. I have personal knowledge of the facts set forth below, and, if called upon as a witness, I could and would testify to such facts under oath.

2. I make this declaration in support of Defendant SRAM, LLC's *Ex Parte* Application to Continue the Preliminary Injunction Hearing in the above-captioned matter scheduled for February 13, 2023.

3. In addition to serving as lead counsel for SRAM in the present litigation with Fox Factory, Inc., I am lead trial counsel in Case No. 21-80581-CIV-ALTMAN/Reinhart, pending in the United States District Court for the Southern District of Florida. That litigation is set for a two-week trial to begin on **February 13, 2023**.

4. Fox noticed its hearing for the Preliminary Injunction Motion on February 13, 2023, the first day of my trial in the above-referenced case. As such, I am unavailable for the noticed hearing on Fox's Motion for Preliminary Injunction.

5. Fox filed the present action on July 13, 2022. During the pendency of this lawsuit, Fox's counsel has never mentioned it intended to seek injunctive relief in the six months since it has filed its Complaint. On the contrary, in the Rule 26 Report, Fox never disclosed potentially seeking preliminary injunctive relief and instead proposed and stipulated to a briefing schedule for infringement/invalidity contentions and claim construction running to a proposed hearing in June.

6. Fox filed its present Motion for Preliminary Injunction on Friday evening at around 10:00 p.m. CST, without providing me or any of my partners any advanced notice whatsoever. I emailed Rob McCauley, counsel for Fox, over the holiday weekend, reminding him that I was scheduled to start another patent infringement trial on the date of the scheduled hearing and, as such, would be

unavailable on the noticed date.  In that email, I requested that he propose alternative, mutually convenient dates for the hearing.

7. At 8:09 p.m. on Tuesday, January 17, 2023, Fox's counsel responded to my request for additional hearing dates by indicating that Fox would only consent to continuing the hearing date by two weeks (until February 27).  I responded less than twenty minutes later, explaining to Fox's counsel that we anticipated still being in trial on February 27 and requested that Fox's counsel call me on my cell phone to discuss this further.  Neither Mr. McCauley nor any of his partners which were cc'ed on our email correspondence have attempted to call me to agree upon a mutually convenient date.  Instead, when I indicated I could not be certain that my trial would be concluded on February 27, Mr. McCauley emailed me that his "final offer" was a hearing date of March 6.  In all our email correspondence, Mr. McCauley did not identify any harm Fox would suffer as the result of a short delay of the hearing date until March 27 or April 3, only representing that Fox had an unidentified "need for a prompt hearing".  Attached hereto as Exhibit A is a true and accurate copy of my correspondence with counsel for Fox regarding the hearing date and SRAM's *ex parte* application.

8. Good cause exists to continue the February 13 hearing date due to my unavailability due to a previously scheduled trial.  Further, given Fox's delay in seeking the injunctive relief, and its counsel's inability to identify any concrete harm from a short delay of the hearing date, there is no basis to deny SRAM's requested relief for a brief continuance.

9. SRAM and its counsel are available on March 27 or April 3 and would request either of those dates for a hearing on Fox's Motion for Preliminary Injunction.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of January, 2023

<u>/s/ Richard B. Walsh, Jr.</u>
Richard B. Walsh, Jr.

- 4 -
DECLARATION OF RICHARD B. WALSH, JR.