Robert F. McCauley (SBN 162056)
  robert.mccauley@finnegan.com
Arpita Bhattacharyya (SBN 316454)
  arpita.bhattacharyya@finnegan.com
Robert M. Fernandes (SBN 331780)
  robert.fernandes@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:  (650) 849-6600
Facsimile:  (650) 849-6666

*Attorneys for Plaintiff*
*FOX FACTORY, INC.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| FOX FACTORY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SRAM, LLC, <br><br> Defendant. | CASE NO. 2:22-cv-04805-DOC-JC <br><br> **PLAINTIFF FOX FACTORY, INC.'S OPPOSITION TO DEFENDANT SRAM, LLC'S *EX PARTE* APPLICATION TO CONTINUE PRELIMINARY INJUNCTION HEARING** <br><br> Judge:  Hon. David O. Carter <br> Magistrate:  Hon. Jacqueline Chooljian |

SRAM's *ex parte* request to continue the hearing on FOX Factory's motion for a preliminary injunction is misleading and should be denied. Before SRAM filed its *ex parte* application, FOX offered SRAM an alternate schedule that would avoid counsel's trial and provide SRAM additional time (three weeks total) to prepare and file its opposition, i.e.:

| Event | Current Date | FOX's Proposed Date |
|---|---|---|
| SRAM's Opposition to FOX's PI Motion | January 23 | February 3 **(ten days before counsel's trial,** providing SRAM three weeks to prepare/file its opposition**)** |
| FOX's Reply | January 30 | February 17 |
| Hearing on PI Motion | February 13 | March 6 **(at least one week after counsel's trial)** |

McCauley Decl. ¶3. SRAM's *ex parte* application all but ignores this reasonable proposal by FOX, which would provide SRAM additional and sufficient time to respond to FOX's motion yet minimize the increasing harm to FOX from SRAM's continuing willful infringement.

Contrary to SRAM's assertions, FOX's counsel were unaware of SRAM's counsel's February trial when FOX filed and noticed its PI motion for February 13, 2023—in full compliance with this Court's orders and the local rules[1]—nor did FOX refuse to discuss or propose different dates in view of SRAM's counsel's trial. *Id*. ¶¶2-3. In fact, within one business day after SRAM's counsel advised of his February trial and requested to continue the hearing on FOX's PI motion for at least seven weeks (into April), FOX explained that would prejudice FOX and instead offered the alternative schedule above. *Id*. Thus, SRAM's assertion in its first sentence of its

---

[1] SRAM does not contend that FOX's motion and noticed hearing date were filed in violation of any of this Court's orders or local rules (because they were not). FOX was not required to meet and confer with SRAM before filing its PI motion (*see* Local Rule 7-3), and FOX promptly negotiated an extension with SRAM after SRAM complained, as explained above.

1

Fox's Opposition to SRAM's *Ex Parte* Application
to Continue Preliminary Injunction Hearing
Case No. 2:22-cv-04805-DOC-JC

1  application that FOX "refused to stipulate to move the hearing for said Motion to a
2  mutually convenient date" (ECF 44 at 1) is incorrect and misleading. SRAM, oddly,
3  does not even mention FOX's offered extensions until the closing paragraphs of
4  SRAM's five-page brief, long after it had discussed scheduling issues which are
5  completely mitigated by FOX's proposal.
6        SRAM's argument that FOX will not be prejudiced by SRAM's proposed delay
7  of the hearing until April 3 (seven weeks), or March 27 (six weeks), is incorrect, and it
8  ignores FOX's sworn declaration about ongoing irreparable harm that was filed on
9  January 13. Dkt. 42-1 (Decl. of Wesley Allinger, FOX Executive VP, Cycling
10 Business Unit). Contrary to SRAM's allegations, FOX will be irreparably harmed if
11 SRAM is not enjoined from selling its infringing forks as soon as possible, as
12 explained in the Allinger Declaration at ¶¶17-18. As Mr. Allinger explains, early 2023
13 is a critical period in the mountain bike fork market at issue, SRAM is ramping up its
14 infringing activities, and FOX needs a PI as soon as possible to prevent severe and
15 irreparable harm from SRAM's willful infringement. *Id*. Mr. Allinger also explains
16 that SRAM admitted knowledge of FOX's patent in a recorded interview before
17 SRAM made the deliberate and tactical decision to infringe FOX's patent. *Id*. ¶¶14-
18 15. Thus, SRAM's proposal to delay the PI hearing by six or seven weeks is not
19 "small" (as SRAM contends), would allow SRAM to continue to ramp up its willfully
20 infringing activities during a critical sales period, and would severely prejudice FOX.
21 *See id*. In contrast, **FOX's proposed hearing date of March 6: 1) provides SRAM a**
22 **three-week extension, 2) avoids counsel's trial, 3) provides SRAM's counsel**
23 **sufficient time to file an opposition on February 3 (before his trial) and appear**
24 **for the hearing (after his trial), and 4) minimizes prejudice to FOX caused by**
25 **SRAM's ongoing willful infringement.**
26       SRAM's various attempts to portray FOX as unreasonable are meritless. FOX
27 had no plans to file a PI motion when the parties submitted their Joint Rule 26(f)
28 statement and proposed case schedule in October 2022 (which was nearly three

2

Fox's Opposition to SRAM's *Ex Parte* Application
to Continue Preliminary Injunction Hearing
Case No. 2:22-cv-04805-DOC-JC

months ago, not merely "weeks" ago as SRAM claims). McCauley Decl. ¶4. But in December 2022, it became clear that SRAM was ramping up its infringing sales and needed to be stopped as soon as possible. *Id*. FOX eventually decided to and promptly filed its PI motion on January 13. ECF 40. SRAM's complaint about FOX filing its motion a Friday night is ironic. FOX could have filed its PI motion the following Monday, January 16, kept the same February 13 hearing date, and given SRAM three fewer court days to file its opposition. Instead, FOX's counsel knowingly did SRAM a favor by working late and filing that Friday night, instead of the following Saturday, Sunday or Monday.

SRAM's arguments about the alleged volume of FOX's papers are also overblown. The body of FOX's motion is only 12 pages (ECF 40), the Allinger declaration is only 9 pages (ECF 42-1), and the Slocum (expert) declaration is only 10 pages (ECF 40-11), plus four sets of infringement claim charts that are very similar to the claim charts SRAM received on December 23, 2022, in FOX's infringement contentions served on that date. McCauley Decl. ¶5. FOX's papers are deliberately succinct and to the point (because the issues are relatively simple), and SRAM has sufficient time to respond to them with the motion as originally noticed and/or FOX's proposed alternative schedule.

SRAM's *Ex Parte* Application should be denied. If the Court believes that the schedule should be extended, then FOX respectfully requests that the Court enter FOX's proposed schedule (SRAM's Opposition due February 3, FOX's Reply due February 17, and the hearing on March 6).

Respectfully submitted,

Dated: January 18, 2023

    FINNEGAN, HENDERSON, FARABOW,
      GARRETT & DUNNER, LLP

By: /s/ Robert McCauley
    Robert F. McCauley
    *Attorneys for Plaintiff*
    *FOX FACTORY, INC.*

3

FOX'S OPPOSITION TO SRAM'S *EX PARTE* APPLICATION
TO CONTINUE PRELIMINARY INJUNCTION HEARING
CASE NO. 2:22-CV-04805-DOC-JC